17-1995-cv
*Harper v. Leahy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

JUNE HARPER,

> *Plaintiff-Appellant*,

> v.                                                                                   17-1995-cv

DETECTIVE ARTHUR LEAHY, SHIELD NO. 01783, DETECTIVE DANIEL KIRK, SHIELD NO. 11290, DETECTIVE CHRISTOPHER TEHAN, SHIELD NO. 29544, DETECTIVE CHING NIEH, SHIELD NO. 27, CITY OF NEW YORK,

> *Defendants-Appellees*,

POLICE OFFICER JOHN DOE,

> *Defendant*.

_____

For Plaintiff-Appellant:          ANDREW MANCILLA, Mancilla & Fantone, LLP, New York, New York.

For Defendants-Appellees:               ELIZABETH I. FREEDMAN (Jane L. Gordon, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) entered May 31, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant June Harper appeals from a May 31, 2017 judgment of the United States District Court for the Eastern District of New York granting Defendants-Appellees' motion for summary judgment. Plaintiff-Appellant's claims arise out of the attempted arrest of her son, Kedar Harper, by the defendant police officers at approximately 7:00 a.m., at 910 Caton Avenue, Apartment 52, in Brooklyn, New York (the "Apartment"). On appeal, Plaintiff-Appellant contends that genuine disputes of material fact precluded the district court from concluding that, at the time of the attempted arrest, the officers had reason to believe that Kedar resided and was present at the Apartment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, "construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor." *McBride v. BIC Consumer Prod. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009). We affirm only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2

"The non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted).

"[A]n arrest warrant . . . implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). "Agents may enter a suspect's residence, or what they have reason to believe is his residence, in order to effectuate an arrest warrant where a reasonable belief exists that the suspect is present." *United States v. Lauter*, 57 F.3d 212, 214 (2d Cir. 1995). "[T]he proper inquiry is whether there is a *reasonable belief* that the suspect resides at the place to be entered to execute an arrest warrant, and whether the officers have reason to believe that the suspect is present." *Id.* at 215 (emphasis in original). "[O]ur reason-to-believe review here does not demand probable cause," it instead "requires more than a hunch as to presence, but less than a probability. As with reasonable suspicion, reason to believe is not a particularly high standard . . . ." *United States v. Bohannon*, 824 F.3d 242, 254, 255 (2d Cir. 2016). To satisfy this not particularly high standard, the officers need only "have a basis for a reasonable belief as to the operative facts, not that they acquire all available information or that those facts exist." *United States v. Lovelock*, 170 F.3d 339, 344 (2d Cir. 1999). Our precedents have "rejected the contention that the police must first conduct a thorough investigation to obtain evidence of an arrestee's actual presence before entering his residence." *United States v. Terry*, 702 F.2d 299, 319 (2d Cir. 1983).

Upon review, we conclude that the district court properly granted Defendants-Appellees' motion for summary judgment. When "[v]iewed in their totality and in a commonsense manner," the undisputed facts in the record provided the officers with reason to believe that Kedar would be

present at the Apartment at the time of the attempted arrest. *Bohannon*, 824 F.3d at 257. Notably, there is no dispute that less than seven months before the attempted arrest, a New York City Criminal Court judge issued a bench warrant for Kedar's arrest, specifying the Apartment as his residence. It is also uncontested that at least three separate police department records identified the Apartment as Kedar's address. Additionally, police searches of numerous (at least eight) computerized databases uncovered no other residential addresses for Kedar.[1] Moreover, the morning of the arrest, Plaintiff-Appellant was present at the Apartment and acknowledged that she was Kedar's mother, further supporting the officers' reasonable belief that Kedar would be present. Likewise, the 7:00 a.m. time of the attempted arrest provided the officers with still more reason to believe that Kedar would be present at his residence. *See Terry*, 702 F.2d at 319 ("[T]he agents arrived at the apartment at 8:45 A.M. on a Sunday morning, a time when they could reasonably believe that Terry would be home."). "Viewed in their totality and in a commonsense manner," *Bohannon*, 824 F.3d at 257, these undisputed facts provided the officers with ample reason to believe that Kedar would be present at the Apartment at the time of the attempted arrest.

To be sure, during the attempted arrest Plaintiff-Appellant told the officers that her son was not at the Apartment and Plaintiff-Appellant now challenges the district court's crediting police testimony that the officers heard a male voice inside the Apartment. However, in light of the undisputed evidence detailed above and *Bohannon*'s admonition that "reason to believe is not a particularly high standard," *id.* at 255, a mother's comment to the police regarding her son's whereabouts and any dispute as to the source of any voices that the officers may have heard are

---

[1] The fact that the officers found evidence of the association of Kedar with another nearby address did not undermine the several records showing 910 Caton Avenue as his residence.

4

insufficient, under the totality of the circumstances, to overcome the officers' reasonable belief that Kedar would be present at the Apartment. *See id.* at 257 (explaining that "segmentation and minimization of individual pieces of evidence fail to conform to the principles of reason-to-believe review"). Because no reasonable jury could find on this record – including the bench warrant, police department records, Plaintiff-Appellant's own admissions, and the time of the attempted arrest – that the officers lacked a reasonable belief that Kedar resided and was present at the Apartment, we must conclude that the district court did not err in awarding Defendants-Appellees summary judgment.

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5